## BEARD v. HOUSTON & T. C. R. CO.
### (No. 7113.)

Court of Civil Appeals of Texas. Austin.
April 27, 1927.

Rehearing Denied May 18, 1927.

Railroads ⬉340(1)—Failure of foreman, not operating motor-driven hand car, to use care to avoid collision with automobile, held immaterial.

In action against railroad for damages to automobile and personal injuries resulting from collision on public crossing with motor-driven hand car transporting carpenter crew, refusal to submit issue relative to failure of foreman of carpenter crew to use ordinary care in avoiding collision after realizing peril *held* not erroneous, in view of showing that motorman was responsible for operation of car, and particularly so in view of fact that operator was equally cognizant with such foreman of plaintiff's peril, and he was found not guilty of negligence by jury.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by W. C. Beard against the Houston & Texas Central Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Carden, Starling, Carden & Hemphill and John A. Rawlins, all of Dallas, for appellant.
Robertson, Robertson & Gannon, of Dallas, for appellee.

BAUGH, J. Appellant sued appellee for damages to his automobile and for personal injuries resulting from a collision on January 24, 1925, at a public road crossing over appellee's tracks, with a motor-driven hand car which was being used to transport a carpenter crew from Dallas to Ennis. The case was submitted to a jury on special issues, and they found that appellee was not negligent in the speed at which it operated the motorcar, nor in failing to stop it before colliding with appellant's automobile, nor in keeping a proper lookout at the crossing; but that it was guilty of negligence, proximately causing the collision, in not having said motor hand car equipped with a bell or other warning device, and in failing to give proper warning to appellant of its approach. They also found that appellant failed to use ordinary care to avoid the collision, that he was negligent in not stopping his automobile before running upon the track, and in failing to use ordinary care for his own safety, and that his negligence proximately caused his injuries. They further found that the motorman was not guilty of negligence after he had discovered the perilous position of appellant. Based upon these findings, the court rendered judgment for appellee.

The only issue raised on this appeal is, Did the trial court err in refusing to submit to the jury the issue as to whether the foreman of the carpenter crew, who was not operating the motorcar but was riding thereon, after he realized the peril and danger of a collision, failed to exercise ordinary care in the use of all means at hand, consistent with the safety of such car and the persons thereon, to have avoided the collision.

Appellant insists that this issue should have been submitted on the ground that the foreman of the carpenter crew was in charge of said crew at the time, was responsible for it, and that it was his duty to keep a lookout and to notify the motorman of any danger he discovered. In this connection, Ed. Snyder, the operator of the motor hand car at the time, testified:

"It was my business to look out ahead, and you know what a foreman is supposed to do; he should look out for his men and the public too. If he saw some one in danger, it was his duty to notify me. I never heard him say anything; he just sat there. He didn't tell me this man was turning off and I was liable to run into him. I was sitting behind him. He is a taller man than I am. I had to see either over or around him. He was in front of me."

The evidence, however, showed that the foreman of the carpenter crew, though he had charge and direction of their activities while at work, had nothing to do with the operation of the motorcar. The rules of the railroad company required that the car "be driven by qualified and properly authorized employees on company business only." Ed. Snyder was designated for that purpose, in the instant case, and the foreman, Tillotson, was neither qualified nor authorized to operate it. He rode on it with the rest of his crew. In operating between stations on appellee's line of road, this car frequently operated under train orders. These orders were issued to and delivered to the motorman, or operator, and not to the foreman, and the foreman testified that he knew nothing about such orders, and had nothing to do with them. Under such circumstances we think it clear that, as to the operation of this motorcar, the foreman had no more responsibility than any other carpenter who happened to be a passenger thereon, but that its control and operation were entirely in the hands of Snyder, who was operating it at the time. The conduct of Snyder in its operation on the issue of discovered peril was submitted to the jury, and they found that he was not guilty of negligence.

But, even if we be in error as to the duty of Tillotson, the foreman, in the premises, after discovery of the peril, no injury could have resulted to appellant from the trial court's refusal to submit the issue requested. We have read carefully the testimony of Snyder, who was the operator, and that of Til-

lotson, the foreman. It is uncontroverted that both Snyder and Tillotson saw appellant before he turned out of the main highway, which paralleled the track, and into the road crossing the track, and at all times thereafter up to the actual collision. Both of them expected him to stop before he drove upon the track. When he left the highway and turned into the crossing, the motorcar was about 100 feet up the track. The operator, as soon as he saw appellant turn onto the railroad right of way, applied the brakes, some 75 feet back from the crossing, having already cut off his power, and slowed down the motorcar. Appellant did not look up the track, and, when the operator saw that he was going to drive upon the track without stopping his automobile or looking, he applied the brakes with full force, and locked the wheels of the motorcar, which slid on the rails until it struck appellant's automobile. The operator, Snyder, was in possession of all facts then that Tillotson, the foreman, had, and nothing Tillotson could have imparted to him would have made any difference. Likewise all methods of warning appellant, who had negligently driven upon the track, which Tillotson, the foreman, could have used, were equally and as fully available to Snyder, the operator of the car, equally cognizant with Tillotson of appellant's peril. But the jury found that Snyder was not guilty of negligence. It follows then, we think, that Tillotson, who could have done nothing except what Snyder could have done, could not have been found guilty of negligence.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.